# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES CORNELIUS BROWN,

        Petitioner,

v.

L. PARISH, WARDEN,

        Respondent.
_____/

Case No. 4:19-cv-10975
Hon. Matthew F. Leitman

## OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL (DKT. NO. 3), INCREASED PAGE LIMIT (DKT. NO. 4), AND EVIDENTIARY HEARING (DKT. NO. 5)

Michigan prisoner James Cornelius Brown, presently serving four terms of life without parole at the Oaks Correctional Facility in Manistee, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his Wayne County jury trial convictions of four counts of first-degree murder; four counts of disinterment, mutilation, defacement, or carrying away of a human body; and two counts of arson.

The Court has ordered a response to the petition, which is due October 8, 2019. (Docket No. 6.) Now before the Court are Petitioner's motions for appointment of counsel, leave to exceed page limits, and an evidentiary hearing, (Docket Nos. 3, 4, 5.)

First, a petitioner has no absolute right to be represented by counsel on federal habeas review. *Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Wright v. West*, 505 U.S. 277, 293 (1992) (citations omitted). A court may appoint counsel for an indigent person seeking habeas relief when "the interests of justice so require," 18 U.S.C.A. § 3006A(a)(2)(B); and must do so under certain specified circumstances. *See* Rules Governing § 2254 Cases, Rule 6(a) (discovery), 8(c) (evidentiary hearings).

Neither the interests of justice nor the current circumstances require the appointment of counsel now, so Petitioner's motion is denied. Following receipt of the Response and a more detailed review of the case, the Court may re-consider Petitioner's request. Petitioner need not file another motion on this issue.

Next, Petitioner seeks the Court's leave for an increased page length from the 50-page limit he believes applies to the brief. However, petitions for the writ of habeas corpus are not subject to a maximum page length under the Rules Governing § 2254 Cases, the Local Rules for the Eastern District of Michigan, or the Federal Rules of Civil Procedure. *See Williams-El v. Bouchard,* No. 2:05-cv-70616, 2008 WL 660015, at *1 (E.D. Mich. Mar. 10, 2008) (unpublished). As it is unnecessary for Petitioner to obtain leave from this Court to file a brief in excess of fifty pages, this motion is denied as moot.

Finally, because Respondent has not yet filed an answer to the petition, the request for an evidentiary hearing is premature. *See* Rules Governing § 2254 Cases, Rule 8 ("the judge must review the answer, any transcripts and records . . . and any [other applicable] materials . . . to determine whether an evidentiary hearing is warranted"); 28 U.S.C. § 2254(e)(2).

Accordingly, the Court denies Petitioner's motion for an evidentiary hearing. The Court will bear in mind Petitioner's request if further development of the record is necessary for the proper resolution of this matter. Petitioner need not file another motion on this issue.

For the foregoing reasons,

Petitioner's motion for appointment of counsel (Docket No. 3) is **DENIED WITHOUT PREJUDICE.**

Petitioner's motion for increased page limit (Docket No. 4) is **DENIED AS MOOT.**

Petitioner's motion for an evidentiary hearing (Docket No. 5) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2019, by electronic means and/or ordinary mail.

                                           s/Holly A. Monda
                                           Case Manager
                                           (810) 341-9764