UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CORNELIUS BROWN,

        Petitioner,                              Case No. 19-cv-10975
                                                           Hon. Matthew F. Leitman

v.

MICHAEL BURGESS,[1]

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO AMEND (ECF No. 17)

Petitioner James Cornelius Brown is a state inmate in the custody of the Michigan Department of Corrections. In 2014, a jury in the Wayne County Circuit Court convicted Brown of four counts of first-degree murder; four counts of disinterment, mutilation, defacement, or carrying away of a human body; and two counts of arson. He is presently serving four terms of life without parole at the Oaks Correctional Facility in Manistee, Michigan.

On April 1, 2019, Brown filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition,

---

[1] The Court hereby amends the case caption to reflect the proper Respondent, Petitioner's current custodian, Michael Burgess. *See Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). *See also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

Brown seeks relief from his state-court convictions. (*See id.*) Respondent filed an answer to the petition on October 8, 2019. (*See* Ans., ECF No. 9.)

On July 28, 2021, Brown filed a motion to amend the Memorandum of Law that he submitted with the petition. (*See* Mot., ECF No. 17.) In the motion, Brown explains that he is neither raising a new ground for relief nor expanding the factual record. (*See id.*, PageID.3932.) Instead, Brown says that he "seeks solely to strengthen the Harmless Error Standard" portion of his legal argument. (*Id.*)

The Federal Rules of Civil Procedure apply to federal habeas proceedings as long as they are not "inconsistent with any statutory provisions or [the habeas] rules.'" *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing Rule 11, Rules Governing Section 2254 Cases in the United States District Courts). Rule 15, which governs motions to amend, permits a habeas petitioner to amend pleadings by leave "any time during a proceeding." *Id*. (citing Fed. R. Civ. P. 15(a)). Rule 15 further instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The "liberal policy" of Rule 15(a) is meant "to ensure the determination of claims on their merits." *Id*. (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).

After considering the relevant factors, the Court concludes that the appropriate course of action is to allow Brown to file his proposed amended memorandum without passing any judgment on the merits of the legal arguments included in that

memorandum. Brown's motion to amend the Memorandum of Law submitted with his petition for a writ of habeas corpus (ECF No. 17) is therefore **GRANTED**. Respondent may raise any and all arguments in response to Brown's amended memorandum (including but not limited to the argument that Brown's new legal arguments are time barred) in a supplemental answer to the petition. If Respondent wishes to file such a supplemental answer, he shall do so by no later than **February 7, 2022.**

    **IT IS SO ORDERED.**

                                                     s/Matthew F. Leitman
                                                     MATTHEW F. LEITMAN
                                                     UNITED STATES DISTRICT JUDGE

Dated: December 8, 2021

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2021, by electronic means and/or ordinary mail.

                                                     s/Holly A. Monda
                                                   Case Manager
                                                   (810) 341-9761